IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ADAM KATZ and BROWNING DIRECT, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. MC 05-5838-LMB |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDWARD L. FRAWLEY and LEERBURG ENTERPRISES, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action relates to a third-party subpoena served by Defendants Edward L. Frawley and Leerburg Enterprises ("Defendants") on non-party Click Sales Inc. ("Click Sales") in the case of *Katz v. Frawley & Leerburg*, commenced on December 8, 2004 in the United States District Court for the Western District of Texas. On May 17, 2005, Click Sales, Inc. ("Click Sales") filed with this Court a document titled "Objections to [Third-Party] Subpoena Dated May 2, 2005 for the Production of Documents." (Docket No. 1). Click Sales' filing of Objections with this Court commenced the present action. However, Click Sales did not request any relief from the Court in its Objections; the Objections are simply a copy of the response that Click Sales served on

Order-1-

Defendants as required by Federal Rule of Civil Procedure 45.[1]

Because of this procedural irregularity, and in an effort to determine if any issues required the Court's attention, the Court issued an Order on September 22, 2005 requiring Defendants to respond to Click Sales' Objections. (Docket No. 9). The Court issued that Order without knowing that on June 15, 2005 the United States District Court for the Western District of Texas had issued a Protective Order governing disclosure of the subpoenaed information. This Protective Order—to which Defendants and Click Sales stipulated—sets forth a procedure for resolving disputes related to the designation and disclosure of subpoenaed information. Pursuant to the agreed-on procedure, Click Sales should have filed a motion to preserve its "Confidential-Attorneys' Eyes Only" designation of certain responsive documents, and then Defendants would have had the opportunity to respond. *Protective Order*, p. 7 (Docket No. 16, Att. 3, Ex. C).

Instead, Defendants filed the first memorandum (as required by this Court's Order) and, as a result, have not had the opportunity to respond to Click Sales' argument that the information it designated as "Confidential-Attorneys' Eyes Only" involves trade secrets protected from

---

[1] The Court notes that Federal Rule of Civil Procedure 45(c)(2)(B) allows a party subject to a subpoena to "serve *upon the party or attorney* designated in the subpoena written objection" to the subpoena. (Emphasis added). In the alternative, the subpoenaed party may file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(c)(3). Here, counsel combined these separate methods of challenging a subpoena and filed objections with the Court, without filing any corresponding motion. Under these circumstances, where no relief is requested, the Court questions whether a controversy exists sufficient to provide it with jurisdiction. However, because subsequent filings in this action have revealed a controversy, the Court will resolve the issues presented.

Order-2-

disclosure to the parties.  Because the Court would benefit from Defendants' response to Click Sales' trade secret argument, and because the parties previously agreed to a procedure whereby Defendants would have had the opportunity to respond, the Court will require that Defendants file a sur-reply memorandum addressing the trade secret issue.  Defendants' sur-reply memorandum is due on or before October 31, 2005.  Defendants' memorandum shall explain how the information designated by Click Sales as "Confidential-Attorneys' Eyes Only" is relevant to Defendants' counterclaim in the underlying lawsuit and detail the necessity of being able to use the information in that lawsuit.  *See, e.g., Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432-34 (W.D. No. Caro. 2005); *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 338-39 (N.D. Cal. 1995); *R& D Bus. Sys. v. Xerox Corp.*, 152 F.R.D. 195, 196-97 (D. Colo. 1993) (explaining that, after the subpoenaed party has established the information sought constitutes a trade secret, the burden shifts to the party seeking the information to establish that disclosure of the trade secret is both relevant and necessary).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendants Edward L. Frawley and Leerburg Enterprises shall file and serve a sur-reply memorandum on or before October 31, 2005. It is further hereby ordered that the hearing scheduled for October 20, 2005 is VACATED and re-set to November 9, 2005, at 11:00 am. The hearing shall be conducted by conference call initiated by counsel for Click Sales with Judge Boyle's Chambers at (208) 334-1495.

DATED: **October 19, 2005**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

Order-4-